Pursuant to section 3301 of the Code of Civil Procedure, it is hereby stipulated that the papers hereinbefore printed consist of true and correct copies of the notice of appeal, the order appealed from, and all the papers upon which the court below acted in making the order appealed from, and the whole thereof, now on file in the office of the clerk of the county of New York, and certification thereof by the clerk of the said county, pursuant to section 1353 is hereby waived.

(174 App. Div. 670)

### SCHMID v. NEUBERGER et al.

(Supreme Court, Appellate Division, First Department. November 3, 1916.)

1. BANKRUPTCY ⬅⟶142—LIABILITY OF BANKRUPT'S DONEE TO TRUSTEE.

   Where a corporation never received any consideration from its director for a $17,000 note given her, which sum represented the entire cash outlay of the director in purchasing the stock of the corporation, the director was liable to the company's trustee in bankruptcy for the $5,000 and interest received by her from the company on account of the note.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 222; Dec. Dig. ⬅⟶142.]

2. CORPORATIONS ⬅⟶336—DIRECTORS—LIABILITY FOR MISAPPROPRIATION OF FUNDS.

   A director of a corporation, not guilty of any misfeasance, malfeasance, or negligence as such, who did not contribute to the company's losses or

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

financial difficulties in any way, either by action or failure to act, and took part in no action causing damage to it, and shared in no moneys improperly received from it, was not liable to its trustee in bankruptcy to account for funds of the company lost, wasted, or misappropriated.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1454; Dec. Dig. ☞336.]

3. CORPORATIONS ☞325—LIABILITY OF DIRECTORS.

The mere fact that a corporation has lost money does not subject the directors to individual liability therefor.

.    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1442, 1457, 1458; Dec. Dig. ☞325.]

Exceptions from Special Term, New York County.

Action by Anton Schmid, as trustee in bankruptcy of the Neuberger-Phillips Silk Company, against Isaac Neuberger, Belle Neuberger, and Sarah R. Phillips. On motion for new trial on exceptions, after entry of interlocutory judgment, pursuant to Code Civ. Proc. § 1001. New trial granted as to defendant Belle Neuberger.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Maurice B. Blumenthal and Daniel W. Blumenthal, both of New York City, for appellants Neuberger.

Edmonds Putney, of New York City (Louis H. Hall, of New York City, on the brief), for respondent.

DOWLING, J. [1-3] This action was commenced by plaintiff as trustee in bankruptcy of the Neuberger-Phillips Silk Company, a corporation, against the defendants. as officers and directors thereof to compel them to account for their official conduct, including any neglect or failure to perform their duties in the management of the funds and property committed to their care, and to recover from them any money and the value of any property which they had acquired to themselves or transferred to others, or lost or wasted by any neglect or failure to perform their duties, or by any violation of their duties. Defendant Phillips has never been served with the summons or complaint herein; defendant Isaac Neuberger is stated to have died since the trial of the action, and as to him the action has abated and has not been revived. Defendant Belle Neuberger alone is sought to be held liable for the losses claimed to have been sustained by the corporation. By the interlocutory judgment Belle Neuberger and her husband, Isaac Neuberger, were ordered to account for their official conduct, including any neglect or failure to perform their duties in the management of the business of the corporation and its funds and property committed to their care; to account for $5,000 and interest received by Belle Neuberger upon a $17,000 note given by the corporation to her; to account for $6,283.59 obtained by Isaac Neuberger from L. F. Dommerich & Co.; to account for $1,700 paid by the corporation to Leo Neuberger, for $800 paid to Lester Neuberger, and for $2,257.85 paid to Sigmund Lowenstein; to account for salary paid to Isaac Neuberger and for the losses sustained by the corporation during the

year from March 31, 1909, to the filing of the petition in bankruptcy,. amounting to $227,233.47; and to account for any and all other sums lost, wasted, squandered, diverted, ·or misappropriated by said defendants.   It was further adjudged:

"That the plaintiff recover from the defendants Isaac Neuberger and Belle Neuberger. individually and severally, the amount of the moneys of the Neuberger-Phillips Silk Company lost, wasted, squandered, misappropriated and diverted."

By the interlocutory judgment a referee was appointed "to take and state said account, and to report to this court the amount for which said defendants and each of them are liable to the plaintiff."   Defendant Belle Neuberger has filed exceptions to the decision herein which raise the question of the findings of fact being contrary to and against the weight of evidence, as well as being without evidence to support them.   While this record discloses a change in the condition of the corporation in a single year which is entirely unexplained—an apparent surplus of $110,000 having been changed in that time to an apparent deficit of $115,000—there is not a single fact proven justifying the inference that Belle Neuberger participated in the depletion of the company's treasury, contributed to its bankruptcy, caused any of its loss or shared in any sums diverted from their proper owner.   The only money actually received by her from the corporation was the amount of $5,000, with interest, paid on account of the company's note' to her in the sum of $17,000.   The trial court has found that the corporation never received any consideration from her for the note and never carried it on its books as a liability.

There is a conflict of evidence as to the consideration for the note, but it is fairly established by the preponderance of the evidence that the note was given as part of the scheme by which the Mutch Mill, owned by Belle Neuberger, was turned over to the company at an exaggerated value and with her contribution of cash (which seems to have been $17,000) was used as the basis for the issue of alleged full paid stock to her and her associates, while she was sought to be protected from loss on her cash invested by being given this note representing her actual cash outlay.   As this money was paid in by her for her stock, there was no consideration which passed to the company for the note given to her, and she could not thus receive back from the company the purchase price of her stock.   The exceptions to the eighth finding of fact are therefore overruled.   In so far as the judgment held Belle Neuberger liable for the $5,000 and interest received by her from the company on account of this note, it is proper.   But the other findings of fact which charge Belle Neuberger with liability for the losses sustained by the company are without evidence to support them, and the exceptions taken thereto must be sustained.   Belle Neuberger was a director in the company and attended the annual meetings of its board of directors, which apparently were the only ones held; she held no other office in the corporation.   There is not a single fact proven to show that she was guilty of any misfeasance, malfeasance, or negligence as a director; or that she contributed   the corporation's losses or financial difficulties in any way, either by action

or failure to act; or that she took part in any action causing damage to it; or that she shared in any moneys improperly received from it, save the payment on account of her note before referred to. Apart from that $5,000 payment (which she may have honestly believed she was entitled to receive), not a single act or omission of hers is shown which should subject her to liability. It is not proven that the board of directors of the company was responsible for its failure, and certainly there is no proof that Belle Neuberger was in any way responsible therefor. The mere fact that a corporation has lost money does not subject the directors to individual liability therefor, yet the record discloses no further reason for Belle Neuberger being called upon to respond for the corporation's losses.

The exceptions to the decision are sustained to the following extent: As to the findings of fact: To so much of finding marked "X," as finds "that the service performed by the said Isaac Neuberger was not commensurate with so large a salary, nor were the earnings of the company sufficient to afford the same;" to so much of the finding marked "XI" as finds "that no reason or explanation for these payments appears on the book and records of the company or has been given by the defendants, and that there was no consideration received therefor by the corporation;" to so much of the finding marked "XII" as finds "that the loss of $227,233.47 sustained by the Neuberger-Phillips Silk Company during the period from March 31, 1909, to April 1, 1910, was due to the reckless, willful, and fraudulent mismanagement of the property and business of the said corporation on the part of the defendants;" to so much of the finding marked "XIII" as finds, "and that it was fraudulent on the part of the defendants to procure or permit the corporation to procure said amount of new goods on credit during the year from March 31, 1909, to April 1, 1910, whether the defendants knew the company's financial condition or kept themselves in ignorance thereof by refraining from giving any attention whatever to its affairs;" and to the finding marked "XV"—all on the ground that said findings are without evidence to support them. The exceptions are also sustained to the conclusions of law marked "I," "III," "IV," "V," and "VI," and to all of the conclusion marked "II" except so much thereof as holds defendants liable for the payment to Belle Neuberger of the sum of $5,000 with interest on account of her $17,000 note, beginning with the word "that" at the opening of the sentence and concluding with the words "to her." The exceptions having been sustained to the extent indicated, a new trial will be granted as to the defendant Belle Neuberger, with costs to her against the respondent, to abide the event. Settle order on notice. All concur.