Francis J. Donovan, J.
There is a comparatively small sum at stake in this matter and the issue is simple, but the matter has been complicated by multiple motions and inadequacy of motion papers.
The basic controversy arises out of the following facts:
Plaintiff, a tenant, paid over a security deposit of $1,215 to a landlord corporation of which defendants are alleged to have been “ officers, directors and stockholders ” the deposit was commingled with the landlord’s general funds. Thereafter all of the stock of the landlord corporation was sold to other parties. The landlord went bankrupt. After extended legal effort, plaintiff recovered $500 by settlement with the trustee in bankruptcy. In the stipulation of settlement, plaintiff reserved his rights against other parties.
*51 The motions are as follows:
1. Plaintiff moves for summary judgment against all defendants.
2. Defendants George, Solomon and Frieda Leiblein jointly move for summary judgment dismissing the complaint.
3. The latter defendants move to preclude plaintiff for failure to furnish a bill of particulars and ask leave to serve an amended answer correcting an error whereby their attorney inadvertently answered on behalf of defendant Grossman and also setting up a new defense of accord and satisfaction.
4. Defendant, Howard Grossman, moves for summary judgment and for leave to file an amended answer setting forth a defense of accord and satisfaction.
The only motion for summary judgment supported by an affidavit of the party is that in behalf of defendant Grossman. The other motions are made on the affidavits of the attorneys. An attorney’s affidavit may be competent where the facts set forth are facts as to which he could testify on a trial, but where the facts are on hearsay, the affidavit cannot be considered.
In a reply affidavit, filed and considered without objection, plaintiff attempted to remedy this defect by a short affidavit by plaintiff’s president which sufficiently alleges some of the facts but as to others adopts by reference the voluminous affidavits of his attorney. Such a practice should not be encouraged, particularly where the attorney’s affidavit is a mixture of factual statements, inferences, conclusions and legal argument.
Motions one and two as numbered above are denied for insufficiency of the affidavits.
The last of the motions for summary judgment must be denied for a different reason. Since no cases were cited in the memoranda of counsel and little authority was found by the court’s research a short discussion of the law may aid in the ultimate disposition of this matter.
Plaintiff correctly charges the defendants with conversion but he goes too far when he asserts “ In view of the fact that Ahwyn Manufacturing Corporation was a corporation and as such corporation could only act through its officers, directors and stockholders, such officers, directors and stockholders are personally liable for any wrongful act done by the corporation.” The general rule of law is that officers and directors of a corporation are not personally liable for the torts or wrongful acts of the corporation unless they personally participate in the tort or wrongful act. The reasons for the rule are set forth at length in Wakeman v. Dalley (51 N. Y. 27). (See, also, Schmid v. Neuberger, 174 App. Div. 670.)
*52 When the Legislature intends to impose personal liability without regard to knowledge or active participation in the wrong it uses appropriate language. (Of. Stock Corporation Law, §§ 15, 61.)
I find nothing in section 233 of the Real Property Law or any other statute which would except this case from the general rule.
The fact that George Leiblein was president and sole stockholder would be persuasive on the issue of participation but in and of itself not sufficient to justify summary judgment on the papers now before the court. (Metropolitan Concessionaires v. Mike’s Restaurant, 54 N. Y. S. 2d 417.)
Perhaps a case for summary judgment could be made out against him on proper affidavits presenting the issue of personal participation. Accordingly plaintiff may have leave to renew his motion on new papers as to George Leiblein. The case for plaintiff is less strong as to the other three defendants and no such leave is granted as to them.
The motion by defendant Grossman for summary judgment must be denied despite the fact that his denial of personal responsibility is not met by any factual allegation of plaintiff. What happened and who was responsible for the diversion of the trust fund is a matter perculiarly within the knowledge of defendants. In such case the issue must be left for trial.
Therefore all motions for summary judgment are denied, without costs to any party.
The motion to preclude is granted unless the bill of particulars is served not later than 10 days after service of copy of the order to be entered on this decision.
The motion of attorneys Dugan and Rosen to withdraw as attorneys for defendant Grossman is granted and Melvyn Gross-man is substituted as attorney for such defendant. The latter may serve a new answer or adopt the answer already served and filed by Dugan and Rosen. Any new answer shall be served not later than 10 days after service of a copy of the order to be entered on this decision.
The application of defendants George, Solomon and Frieda Leiblein to amend their answer to set up the defense of accord and satisfaction is denied. The money recovered from the trustee in bankruptcy may reduce plaintiff’s damage but it will not suffice as an accord and satisfaction. The money recovered was only a portion of money which belonged to plaintiff. (Haimowitz v. Lorintz, 13 Misc 2d 448.)